# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICTOR SMITH,

    Plaintiff,

vs.                                                                                              No. CIV 18-0879 JB\JHR

NASHA TORREZ, KELLY DAVIS,
GREG GOLDEN, PATRICIA YOUNG,
MARY ANN WALLACE, JESSICA
HIDALGO HOLLAND, CAITLIN HENKE,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 15, 2018 (Doc. 5)("Amended Complaint"); (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 14, 2019 (Doc. 6)("Supplement"); and (iii) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed September 18, 2018 (Doc. 3)("Application"). Plaintiff Victor Smith appears pro se. For the reasons set out below, the Court will: (i) grant Plaintiff Victor Smith's Application; and (ii) dismiss this case without prejudice for failure to state a claim upon which relief can be granted.

## PROCEDURAL BACKGROUND

Smith filed his Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Smith alleges: (i) "I was the only person of color other students heard staff say the[y] only wanted non-black and gay & lesbian people to utilize their facilities"; (ii) "only person ever in the Women Resource Center other students heard them saying negative remarks

reg. Color of skin"; (iii) "Besides being the only human being of color I heard on one occasion where a white female empl. stated that she never saw a black guy utilize the computer facilities and that it felt awkward." Amended Complaint ¶ A.2, at 1, ¶¶ A.3, B.1, at 4. The Amended Complaint also states "additional [alleged violations of constitutional rights and supporting facts] to be provided later." Amended Complaint ¶ C.1 at 3.

Smith filed his Supplement using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Smith alleges: (i) "On June 14, 2017 the Dean of Student[s] wrote me letter charge with violating Code of Conduct 2.1 and 2.17 fals[e]ly accusing me of actions . . . . physically harming the person and/or property of others . . . or which cause reasona[ble] apprehension of physical harm"; (ii) "on 5/31/2017 at 2400 Marble Ave at 11:12 a.m. [Defendant] Patricia Young acted in a matter and engage[d] in actions against the criminial [sic] code"; and (iii) on May 31, 2017 at the Health and Science Center on the campus at the University of New Mexico UNM PD Officer Patricia young approached me (Victor Smith) I was all alone at that time she indicated and falsely accused [sic] me of incorrect claims." Smith references: (i) "Discrimination"; (ii) "Harrassment [sic]"; (iii) "Article 8 of the Constitution"; (iv) "42 USC 1983"; and (v) "USC 42-1985." Supplement at ¶ C.1, at 3, ¶¶ A.4, B.1, at 4.

Smith's Application states that: (i) his "[a]verage monthly income amount during the past 12 months" was "$0.00"; (ii) he is unemployed; (iii) his "average monthly expenses" total "$525.00"; and (iv) he has "Aprox $23.00" in a bank account. Application at 1-5. Smith signed an "Affidavit in Support of the Application," stating that he "is unable to pay the costs of these proceedings" and declaring under penalty of perjury that the information he provided in the Application is true. Application at 1.

# **LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS**

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> "When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]"

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(quoting Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according

to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, the district court construes his or her pleadings liberally, and holds them to a "less stringent standard than [that standard applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon 935 F.2d at 1110. The Court should liberally construe the pro se litigant's factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court will

---

[1] At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. Moreover, "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER § 1915

The Court has discretion to dismiss an IFP complaint sua sponte pursuant to § 1915(e)(2)(B)(i) "at any time if the action . . . is frivolous or malicious." In this context, frivolous is defined as "the inarguable legal conclusion [and] the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). If there is an "*arguable* claim for relief, dismissal for frivolousness under § 1915 is improper." McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)(emphasis in original)(citing Neitzke v. Williams, 490 U.S. at 328). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. See Neitzke v. Williams, 490 U.S. at 327. See also Hall v. Bellmon, 935 F.2d at 1109. "The authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992)(quoting Neitzke v. Williams, 490 U.S. at 325). The court's initial assessment of frivolity, however, "must be weighted in favor of the plaintiff." Denton v. Hernandez, 504 U.S. at 32.

The court also has discretion to dismiss an IFP complaint under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A court should dismiss a pro se litigant's complaint for failure to state a claim only when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Curley v.

Perry 246 F.3d 1278, 1281 (10th Cir. 2001)(quoting Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999)).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

## ANALYSIS

Having carefully reviewed the Amended Complaint, the Supplement, the Application, and the relevant law, the Court will: (i) grant Smith's Application; and (ii) dismiss this case for failure to state a claim upon which relief can be granted.

The Court will grant Smith's Application to proceed in forma pauperis, because: (i) he has signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true; (ii) Smith's monthly expenses of $525.00 exceed his monthly income of $0.00; (iii) Smith is unemployed; and (iv) Smith has only approximately $23.00 in a bank account. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute

. . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]," 28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on Nasha Torrez, Kelly Davis, Greg Golden, Patricia Young, Mary Ann Wallace, Jessica Hidalgo Holland, and Caitlin Henke, because the Court is dismissing this case for failure to state a claim upon which relief can be granted.

The Complaint does not to state a civil rights claim for relief under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color state law that result in a deprivation of rights that the Constitution of the United States of America secures. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d at 1190.

Smith makes general allegations of "National & Racial Discrimination," Amended Complaint ¶ C.1, at 3; "Discrimination," Supplement ¶ C.1, at 3; "Harrassment [sic]," Supplement ¶ C.1, at 3; "Depravation of rights," Supplement ¶ B.4, at 2; and "Conspiracy," Supplement ¶ B.4, at 2. The Court is not required to accept, however, such "conclusory, unsupported allegations." Twombly, 550 U.S. at 555. Smith's more specific allegations, for example, that "other students heard staff say the[y] only wanted non-black and gay & lesbian people to utilize their facilities," Amended Complaint ¶ A.2, at 1; "other students heard them saying negative remarks reg. Color of skin," Amended Complaint ¶ A.3, at 4; "a white female empl. stated that she never say a black

guy utilize the computer facilities and that it felt awkward," Amended Complaint ¶ B.1, at 4; "the Dean of Student[s] wrote me letter charge with violating Code of Conduct 2.1 and 2.17 fals[e]ly accusing me of actions," Supplement ¶ C.1, at 3; "Patricia Young acted in a matter and engage[d] in actions against the criminial [sic] code," Supplement ¶ C.1, at 3; and "UNM PD Officer Patricia young approached me (Victor Smith) I was all alone at that time she indicated and falsely accussed [sic] me of incorrect claims," Supplement ¶ B.1, at 4, do not indicate conduct that would rise to the level of a constitutional violation. See 42 U.S.C. § 1983.

The Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii)("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed September 18, 2018 (Doc. 3), is granted; (ii) this case is dismissed without prejudice; and (iii) and Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Victor Smith
Albuquerque, New Mexico

    *Plaintiff pro se*